NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3269
_____

UNITED STATES OF AMERICA

v.

NATHANIEL THOMAS,

Appellant
_____

On Appeal from the District Court
of the Virgin Islands – Appellate Division
Division of St. Croix
(D.C. No. 1-08-cr-00020-002)
District Judge:  Honorable Raymond L. Finch
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 5, 2011

Before:  FISHER, GREENAWAY, JR. and ROTH, *Circuit Judges*.

(Filed:  January 4, 2012)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Nathaniel Thomas ("Thomas") was convicted of possession of marijuana with

intent to distribute, in violation of 21 U.S.C. § 841(a), manufacture of marijuana, also in

violation of 21 U.S.C. § 841(a), and maintaining a drug-involved premises, in violation of

19 V.I.C. § 608b.  Thomas appeals only his conviction under 19 V.I.C. § 608b.  For the reasons set forth below, we will affirm the judgment of the District Court.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts necessary to our analysis.

On May 12, 2008, while investigating reports of a shooting in the Catherine's Rest area of St. Croix, police were drawn to a property located at 6-6 Catherine's Rest.  When they arrived, officers observed numerous marijuana plants growing around the residence.  After obtaining a search warrant, police seized 311 marijuana plants, a bag of "Pro Mix" potting soil, and various other items.  Thomas subsequently signed a statement, in which he described the property at 6-6 Catherine's Rest as his home and admitted growing and tending to thirty to forty marijuana plants.

A jury convicted Thomas and his brother, Amon Thomas, of:  (1) knowingly and intentionally possessing with intent to distribute, or aiding and abetting the possession with intent to distribute, 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) (Count One); (2) knowingly and intentionally manufacturing, or aiding and abetting the manufacturing of, 100 or more marijuana plants, also in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) (Count Two); and (3) maintaining a drug-involved premises, in violation of 19 V.I.C. § 608b (Count

2

Three).  Thomas filed a motion for judgment of acquittal, which was denied.  He then filed a timely notice of appeal.

## II.

The District Court had jurisdiction under 48 U.S.C. § 1612 and 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.  "On appeal from the . . . denial of a motion for judgment of acquittal, this Court exercises plenary review and independently applies the same standard as the district court."  *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005).  We must "view the evidence in the light most favorable to the Government" and we will "sustain the verdict if any rational juror could have found the elements of the crime beyond a reasonable doubt."  *United States v. Reyeros*, 537 F.3d 270, 277 (3d Cir. 2008) (citation omitted).

## III.

Thomas argues that the evidence was insufficient to support his conviction for maintaining a drug-involved premises under 19 V.I.C. § 608b.  Section 608b makes it illegal for "any person [to] knowingly maintain[] or operate[] any premises, place or facility used for the manufacture of . . . any substance classified as a narcotic drug in Schedule I or II."  19 V.I.C. § 608b.  The section also penalizes "any person who knowingly aids, promotes, finances or otherwise participates in the maintenance or operation of such premises, place or facility."  *Id.*  To obtain a conviction under 19 V.I.C. § 608b, the Government must prove that:  (1) the defendant maintained or operated, or aided in the maintenance or operation, of a place, premises or facility; (2) the place,

3

premises, or facility was used for the manufacture of narcotics; and (3) the defendant knew that the place, premises, or facility was used for the manufacture of narcotics. *See id.*

Here, the District Court correctly concluded that the evidence introduced at trial was sufficient to allow a rational jury to find all of the required elements beyond a reasonable doubt. *See Reyeros*, 537 F.3d at 277. As to element one, the District Court took judicial notice of the fact that the property at 6-6 Catherine's Rest was a "place, premises, or facility" under 19 V.I.C. § 608b. The jury was instructed that to "maintain" means to "keep in good repair, to keep up, to preserve or protect." Applying this definition, the District Court correctly concluded that the evidence was sufficient to establish that Thomas maintained the property at 6-6 Catherine's Rest. Thomas and his brother borrowed a weed whacker and used it to cut the grass around the house. As the District Court noted, "cutting the grass, particularly in this tropical climate, is an act of preserving and protecting the premises." Moreover, in his statement to police, Thomas referred to 6-6 Catherine's Rest as his "home" and thus, he had an interest in maintaining the property.

The evidence was also sufficient to establish the second element – that the property was used for the manufacture of marijuana – beyond a reasonable doubt. Under 21 U.S.C. § 802(15), "manufacture" is defined as "production, preparation, propagation, compounding, or processing of a drug or other substance." Under 21 U.S.C. § 802(22), the term "production" includes the "planting, cultivation, growing, or harvesting of a

4

controlled substance." Here, there were roughly 300 marijuana plants growing on the premises. Police also found a bag of "Pro Mix," which is used as a soil additive. This evidence is sufficient to establish that the 6-6 Catherine's Rest property was used for the manufacture of marijuana.

Finally, the evidence was sufficient to establish beyond a reasonable doubt that Thomas knew that the premises were being used for the manufacture of marijuana. He acknowledged that the plants were marijuana and admitted that he watered at least some of them. Moreover, as the District Court noted, "[c]ommon sense dictates that occupants of a residence would be aware of such large quantities of marijuana growing right outside the residence."

Thomas also argues that the verdict form indicates that the jury adopted a theory of the case inconsistent with its guilty verdict on Count Three. We disagree. As to Count One, the jury found Thomas guilty of knowingly and intentionally possessing with intent to distribute, or aiding and abetting the possession with intent to distribute, more than 100 marijuana plants. On the verdict form, when asked to list the number of marijuana plants that Thomas possessed with intent to distribute, the jury placed an "x" over the blank "for less than 100 marijuana plants." This indicates that although the jury found that Thomas *personally possessed* less than 100 marijuana plants, he aided and abetted the possession with intent to distribute more than 100 marijuana plants.

On appeal, Thomas seems to suggest that because the jury found that he did not personally possess the marijuana plants growing near the house, he could not be

convicted of maintaining a drug-involved premises. This is incorrect. Section 608b does not require that the defendant personally possessed the narcotics. Rather, it requires that: (1) he helped maintain the premises; (2) the premises were used for manufacturing narcotics; and (3) he knew that the premises were being used for that purpose. Here, the elements of the statute were satisfied regardless of whether Thomas personally possessed the roughly 300 marijuana plants growing in the vicinity of the house.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.